Judge Pauley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

       - v. -                        :

LUIS DIAZ, JR. and                :
LUIS JAVIER DIAZ,                 :

       Defendants.                 :

- - - - - - - - - - - - - - - - x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 31 2017

INDICTMENT

17 Cr. CRIM 077

## COUNT ONE
(Conspiracy to Operate an Unlicensed
Money Transmitting Business)

The Grand Jury charges:

1.   From at least in or about 2010 up to and including at least in or about 2016, in the Southern District of New York and elsewhere, LUIS DIAZ, JR. and LUIS JAVIER DIAZ, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

2.   It was a part and object of the conspiracy that LUIS DIAZ, JR. and LUIS JAVIER DIAZ, the defendants, and others known and unknown, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business affecting interstate and foreign

commerce, to wit, a Florida company they owned and controlled in Doral, Florida (the "Company"), which (a) was operated without an appropriate money transmitting license in a State, to wit, Florida, where such operation is punishable as a misdemeanor and a felony under State law; and (b) failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder, in violation of Title 18, United States Code, Section 1960.

## Overt Acts

3.  In furtherance of the conspiracy, and to effect the illegal object thereof, LUIS DIAZ, JR. and LUIS JAVIER DIAZ, the defendants, together with others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a.  On or about April 10, 2012, LUIS DIAZ, JR. and LUIS JAVIER DIAZ caused the Company to send approximately $1,454,763.93 to an account at a financial institution in Spain and assigned to a shell company based in Portugal, through a correspondent account in New York, New York, at the request of a large Venezuelan consortium of construction companies (the "Venezuelan Company").

   b.  On or about April 11, 2012, LUIS DIAZ, JR. and LUIS JAVIER DIAZ caused the Company to send approximately

$2,546,000 to an account at a financial institution in New York, New York that was assigned to a shell company based in the British Virgin Islands, at the request of the Venezuelan Company.

        c.    On or about December 16, 2014, LUIS DIAZ, JR. and LUIS JAVIER DIAZ caused the Company to send approximately $15,000 to an account at a financial institution in New York, New York that was assigned to an employee of the Venezuelan Company, at the request of the Venezuelan Company.

        d.    On or about December 18, 2014, LUIS DIAZ, JR. and LUIS JAVIER DIAZ caused the Company to send approximately $300,000 through a correspondent account at a financial institution in New York, New York to an account at a Panamanian bank that was assigned to a Venezuelan government official, at the request of the Venezuelan Company.

(Title 18, United States Code, Section 371.)

### COUNT TWO
(Operation of an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

4.    From at least in or about 2010 up to and including at least in or about 2016, in the Southern District of New York and elsewhere, LUIS DIAZ, JR. and LUIS JAVIER DIAZ, the defendants, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting

business affecting interstate and foreign commerce, to wit, the Company, which (a) was operated without an appropriate money transmitting license in a State, to wit, Florida, where such operation is punishable as a misdemeanor and a felony under State law; and (b) failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder, to wit, LUIS DIAZ, JR. and LUIS JAVIER DIAZ used the Company to transmit money into and through the United States on behalf of others and for a fee, including into and through bank accounts in New York, New York.

(Title 18, United States Code, Sections 1960 and 2.)

## COUNT THREE
### (Money Laundering Conspiracy)

The Grand Jury further charges:

5. From at least in or about 2010 up to and including at least in or about 2016, in the Southern District of New York and elsewhere, LUIS DIAZ, JR. and LUIS JAVIER DIAZ, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

6. It was a part and an object of the conspiracy that LUIS DIAZ, JR. and LUIS JAVIER DIAZ, the defendants, and others

known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is, the operation of an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR
### (International Money Laundering)

The Grand Jury further charges:

7. From at least in or about 2010 up to and including at least in or about 2016, in the Southern District of New York and elsewhere, LUIS DIAZ, JR. and LUIS JAVIER DIAZ, the defendants, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is, the operation of an unlicensed money

transmitting business, to wit, LUIS DIAZ, JR. and LUIS JAVIER DIAZ used the Company to transmit funds from individuals and entities outside the United States to bank accounts located within the United States, including in New York, New York, and to transfer funds from accounts in the United States to accounts outside of the United States in furtherance of the operation of their unlicensed money transmitting business.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

## FORFEITURE ALLEGATION

8. As a result of committing the offenses alleged in Counts One through Four of this Indictment, LUIS DIAZ, JR. and LUIS JAVIER DIAZ, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in the offenses alleged in Counts One through Four of this Indictment, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses, and $367,769.35 in United States currency formerly on deposit in account number ********26033 at BB&T Bank in the name of the Company.

### Substitute Asset Provision

9. If any of the above-described forfeitable property, as

a result of any act or omission of the defendants:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the above forfeitable property.

      (Title 18, United States Code, Section 982;
      Title 21, United States Code, Section 853(p); and
      Title 28, United States Code, Section 2461(c).)

_/s/_
FOREPERSON

_/s/_
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**LUIS DIAZ, JR. and**
**LUIS JAVIER DIAZ,**

Defendants.

---

**INDICTMENT**

(18 U.S.C. §§ 371, 1956, 1960.)

PREET BHARARA
United States Attorney

*/s/ [signature]*
Foreperson

---

01/31/17
(CA)
INDICTMENT FILED
WHEELED OUT TO JUDGE PAULEY - WHEEL B
JUDGE PARKER
USMJ